UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

CASE NUMBER: 2:19-CV-81-FTM-38UAM

WATERFORD CONDOMINIUM
ASSOCIATION OF COLLIER COUNTY,
INC.,

    Plaintiff,

v.

EMPIRE INDEMNITY INSURANCE
COMPANY, a foreign profit corporation,

    Defendant.
_____/

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION TO COMPEL APPRAISAL AND STAY PROCEEDINGS**

Plaintiff files this Reply, and further states:

**I.**     **Motions to Compel Appraisal are Universally Acknowledged and Permissible in Florida; Appraisal Does Not Need to be Compelled Through Specific Performance, Injunction, or Summary Judgment**

Defendant wrongly claims Plaintiff's "motion to compel appraisal amounts to an insufficient motion for summary judgment." Defendant's position is without merit as both state and federal courts in Florida have universally acknowledged motions to compel appraisal. See Wright Way Emergency Water Removal, LLC v. Mt. Hawley Ins. Co., 8:16-CV-1163-T-17MAP, 2016 WL 9526569, at *2 (M.D. Fla. July 29, 2016)(holding that "motions to compel appraisal should be granted whenever the parties have agreed to the [appraisal] provision." [Emphasis added].[1] And, as noted in Plaintiff's Motion to Compel Appraisal, in the last 16

---

[1] See also James D. Nall Co., Inc. v. Hartford Cas. Ins. Co., 10-24215-CIV, 2011 WL 13223532, at *2 (S.D. Fla. Nov. 15, 2011), report and recommendation adopted, 10-24215-CV, 2012 WL 13012458 (S.D. Fla. Mar. 29, 2012)("[m]otions the compel appraisal have been recognized by this Court.").

1

months or so, this Honorable Court has granted motions to compel appraisal in at least 8 cases.[2]

Defendant also wrongly suggests Plaintiff is required to seek appraisal through specific performance, or injunction. After an exhaustive search, the undersigned has been unable to find any legal authority in Florida that requires a party to seek appraisal via such methods.

**II. Plaintiff's Suit and Demand for Appraisal Is Not Premature as Logic and the Policy's Loss Payment Provision Contemplates a Lawsuit or Appraisal Before Payment is Due, and the Appraisal Provision Does Not Require Payment Before Appraisal of the Amount of the Loss**

Defendant argues Plaintiff's claim is "moot" because Plaintiff never made a claim for actual cash value ("ACV"), the only claim Plaintiff made was for replacement cost value ("RCV"), and no payment is due for RCV. Defendant's argument disregards logic in that if an insurer and an insured disagree **as they do here** regarding the amount and scope of the loss, the amount of the ACV payment made by the insurer,[3] the amount and scope of RCV estimated by the insurer, and the adequacy of the adjustment of the loss by the insurer, irrespective of the amount paid by the insurer, the insured has the right to file an action against the insurer for breach of contract. Moreover, **the loss payment provision in the policy contemplates that there may be a judgment or appraisal award before payment is due.** See Curtis v. Tower Hill Prime Ins. Co., 154 So. 3d 1193 (Fla. 2d DCA 2015)(holding that the insureds' lawsuit was not premature because the loss payment provision contemplated there might be a final judgment, "presumably stemming from a lawsuit—before payment was due."). And, nothing in the appraisal provision requires payment before invoking appraisal; rather, just a disagreement as to

---

[2] See Pages 5-6 of Plaintiff's Motion to Compel Appraisal for the citations of such cases.
[3] Defendant voluntarily made an ACV payment and Plaintiff does not agree that it is adequate. Although Defendant argues coverage cannot be made through estoppel as it relates to this payment, that argument is without merit as this does not implicate a coverage issue but rather a payment issue.

2

the amount of the loss.[4]

### III. The Right to Appraisal is Ripe and Such Right is Independent of the Manner in Which the Loss is Paid via ACV and/or RCV

Defendant argues, without merit, that Plaintiff's right to appraisal is "moot" because it never made a claim for ACV and it is not yet entitled to RCV. In doing so, Defendant disingenuously confuses valuation and/or payment provisions with the appraisal provision, which does not make any reference to ACV or RCV.[5] Rather, it provides for the right to appraisal if the parties disagree as to the amount of the loss. Simply put, Plaintiff submitted a claim. Defendant estimated the damages at $551,732.72 and made a payment of $51,817.37. Plaintiff's contractor's estimate totals $5,421,912.94. As such, there is a disagreement as to the amount of the loss and the claim is ripe for appraisal regardless of how it is ultimately paid.

### IV. Appraisal of the Loss Should be for the Entire Loss, Not Just ACV

Defendant wrongly claims that appraisal of the loss should be limited to ACV because Plaintiff's claim for RCV is not ripe. Defendant cites to Meritplan Ins. Co. v. Perez, 963 So. 2d 771 (Fla. 3d DCA 2007) to support this proposition, but that case does not stand for such a proposition. More importantly, the appraisal provision in the policy does not contain such a limitation. Moreover, Defendant's position runs counter to the Florida Supreme Court, which has held that the amount to be determined in appraisal includes the cost of repair or **replacement**. State Farm Fire & Cas. Co. v. Licea, 685 So. 2d 1285 (Fla. 1996). [Emphasis added].

### V. It is Immaterial that the Amount Being Claimed by Plaintiff has Increased as there Still Exists a Disagreement of the Amount of the Loss

Defendant falsely suggests it cannot be compelled to appraisal for a "new $5 million

---

[4] Likewise, the appraisal provision does not require a disagreement on the amount that the insurer has paid, but rather the amount of the loss.

[5] To the extent that the policy may provide the Plaintiff with an option to receive payment on an ACV basis or RCV basis is an issue independent of the right to appraisal of the amount of the loss and should be disregarded.

claim" it never had the chance to investigate.[6] Nothing could be further from the truth. First, the claim is not "new," but involves the same loss and scope of damages. Second, Defendant had every opportunity to inspect the loss and in fact did with adjusters, consultants, and engineers. Third, Plaintiff's estimate changed mainly due to pricing issues as it was created not long after the loss and it is now over 600 days[7] since the loss. Costs for construction have increased dramatically since the loss.[8] And most importantly, notwithstanding that Plaintiff's estimate increased, there is still a dispute as to the amount of the loss which is an issue for appraisal.

## VI. The Insurance Policy Does Not Require Mediation Before Appraisal

Defendant suggests the policy requires mediation before appraisal, which is false.[9] Defendant also argues appraisal cannot occur because it never disagreed to "the value of the property or the amount of the loss."[10] This mischaracterizes the facts as there is a clear disagreement as to the amount of loss.

## VII. A Demand for Jury Trial Does Not Waive Plaintiff's Right to Seek Appraisal

Defendant suggests Plaintiff waived its right to appraisal because it demanded trial by jury. However, the undersigned was unable to find any case that stands for such a proposition, and this Honorable Court has repeatedly compelled appraisal despite demands for jury trials.[11]

---

[6] Defendant cites to Galindo v. ARI Mut. Ins. Co., 203 F.3d 771 (11th Cir. 2000) misleadingly suggesting that Plaintiff prevented Defendant from investigating the claim and as such, appraisal is not ripe. Galindo dealt with compliance with post loss obligations to allow the insurer to investigate the claim and that until such obligations are complete, appraisal is improper. Galindo is inapplicable here as all post loss obligations were complied with by the Plaintiff before filing suit and in fact, no such issues were raised by Defendant in its affirmative defenses.

[7] The pricing for most contractors' estimates are valid for only 30 days.

[8] This is due to a strong economy, busy construction industry, and back-to-back hurricanes in 2017 and 2018.

[9] Although Plaintiff made its formal demand for appraisal before Defendant made its formal demand for mediation (so appraisal should take priority), Plaintiff does not object to mediation and is currently working with Defendant to schedule mediation to occur in the near future. However, in doing so, Plaintiff specifically explained to Defendant that it was not waiving any of its rights, including but not limited to the right to appraisal.

[10] This is in conflict with Paragraph 8 of Defendant's Answer, which states in part: "Denied that there was an agreement as to the extent and value of such damage and amounts needed to repair the damage."

[11] See Marlowe v. Ironshore Specialty Ins. Co., 218CV245FTM38MRM, 2018 WL 6438590 (M.D. Fla. Nov. 16, 2018), report and recommendation adopted, 218CV245FTM38MRM, 2018 WL 6434505 (M.D. Fla. Dec. 7, 2018);

4

## VIII. The Policy Does Not Require a Line Item Appraisal Award

Defendant misleadingly suggests the policy "contemplates a breakdown" of the award. However, the policy does not require a line item award and this Honorable Court cannot re-write the policy to include such a requirement. See White Surf Condo. Mgmt. Ass'n, Inc. v. Lexington Ins. Co., 617CV1203ORL40TBS, 2017 WL 10084143, at *1 (M.D. Fla. Aug. 10, 2017).[12]

## IX. Staying Discovery and the Proceedings Conserves Judicial Labor

Consistent with the position this Honorable Court has previously taken, interests of judicial economy would be served by staying discovery and the proceedings in this matter until the appraisal process is complete. See Heritage Villas v. Wellington Specialty Ins. Co., 205CV232FTM29SPC, 2006 WL 8438973, at *1 (M.D. Fla. Feb. 21, 2006).

> /s/ Kurtis Jay Keefer
> CARY J. GOGGIN
> Florida Bar No.: 92404
> KURTIS JAY KEEFER
> Florida Bar No.: 0668011
> GOEDE, ADAMCZYK, DEBOEST & CROSS, PLLC
> 6609 Willow Park Drive, Suite 201, Naples, FL 34109
> (239) 331-5100 – Telephone
> (239) 260-7677 – Facsimile
> CGoggin@gadclaw.com
> Curbanowski@gadclaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of May, 2019, I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system, which will send a Notice of Electronic Filing to the following: J. Pablo Caceres, Esq. (pcaceres@butler.legal); and, Kathleen P. Phillips, Esq. (kphillips@butler.legal).

> /s/ Kurtis Jay Keefer
> KURTIS JAY KEEFER, ESQ.

---

Fouladi v. GeoVera Specialty Ins. Co., 618CV326ORL40KRS, 2018 WL 3758315 (M.D. Fla. May 24, 2018); and, Marram Corp. v. Scottsdale Ins. Co., 218CV204FTM38MRM, 2018 WL 4346809 (M.D. Fla. Aug. 21, 2018), report and recommendation adopted, 218CV204FTM38MRM, 2018 WL 4333618 (M.D. Fla. Sept. 11, 2018).

[12] See also Coral Reef Metro, LLC v. Scottsdale Ins. Co., No. 2:18-cv-460-FtM-38UAM, 2019 U.S. Dist. LEXIS 26675 (M.D. Fla. Feb. 20, 2019); and, Vista View Apartments, Ltd. v. Chubb Custom Ins. Co., No. 08-22772-CIV-KING, 2009 U.S. Dist. LEXIS 139280 (S.D. Fla. July 6, 2009).