UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WATERFORD CONDOMINIUM
ASSOCIATION OF COLLIER COUTY,
INC.,

    Plaintiff,

v.                                                     Case No: 2:19-cv-81-FtM-38UAM

EMPIRE INDEMNITY INSURANCE
COMPANY, a foreign profit corporation,

    Defendant.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause is before the Court on Plaintiff Waterford Condominium Association of Collier County, Inc.'s Motion to Compel Appraisal and Stay Proceedings (Doc. 28) filed on April 12, 2019. Defendant Empire Indemnity Insurance Company filed a Response to Plaintiff's Motion to Compel Appraisal and Stay Proceedings (Doc. 31) on May 6, 2019. With leave of court, Plaintiff filed a Reply to Defendant's Response to Plaintiff's Motion to Compel Appraisal and Stay Proceedings (Doc. 34) on May 23, 2019. For the reasons explained below, the undersigned respectfully recommends that Plaintiff's motion be **GRANTED**.

    This is an insurance breach of contract case. Plaintiff initially filed this case in Florida state court and the case was removed on February 8, 2019. According to Plaintiff's Amended Complaint, Plaintiff had an insurance policy issued by Defendant that provided coverages for Plaintiff's property, a condominium complex. (Doc. 3 ¶¶ 4-5). On or about September 10, 2017, Plaintiff's property sustained physical damage and losses due to Hurricane Irma. (Doc. 3 ¶ 6). Plaintiff alleges that it promptly notified Defendant of the covered losses, but Defendant has failed

to fully compensate Plaintiff as required under the insurance policy (Doc. 3 ¶¶ 7-9).  Plaintiff argues that its property suffered extensive damages that its contractor has determined amount to $5,421,919.94, but that Defendant has only made a payment of $51,817.31. (Doc. 28 p. 2).  On March 27, 2019, Plaintiff, through its counsel, made a written demand for appraisal of the amount of the loss to Defendant.

In the instant motion, Plaintiff is requesting the Court to compel the appraisal of the amount of loss consistent with the appraisal clause in the insurance policy issued to Plaintiff by Defendant and to stay the proceedings until the appraisal process is completed.  Plaintiff argues that appraisal is proper because Defendant acknowledged that Plaintiff suffered a covered loss as a result of the hurricane, because it is indisputable that there is a disagreement regarding the amount of the loss, and because appraisal is the most efficient method to determine the amount of the loss.

In response, Defendant argues that Plaintiff's motion to compel appraisal is an improper summary judgment motion.  Further, Defendant argues that Plaintiff's claim for any benefits never matured.  Defendant also argues that it requested mediation, which must come before appraisal when requested.  Finally, Defendant argues that Plaintiff's motion seeks to deprive Defendant of a jury trial on the major issue of covered damages without allowing a forum to raise defenses to appraisal after conducting discovery. (Doc. 31 p. 2).

"Under Florida law, a dispute regarding a policy's coverage for a loss is exclusively a judicial question," but a dispute regarding the amount of the loss may be subject to appraisal. *McPhillips v. Scottsdale Ins. Co.*, No. 2:18-cv-421-FtM-99CM, 2018 WL 3805865, at *2 (M.D. Fla. Aug. 10, 2018) (citing *Gonzalez v. Am. Sec. Ins. Co.*, No. 8:15-cv-1515-36EAJ, 2015 WL 12852303, at *4 (M.D. Fla. Nov. 10, 2015); *Freeman v. Am. Integrity Ins. Co. of Fla.*, 180 So. 3d 1203, 1208 (Fla. 1st DCA 2015)). Appraisal provisions in insurance policies generally are treated

the same as arbitration clauses, and thus "motions to compel appraisal should be granted whenever the parties have agreed to the provision." *Wright Way Emergency Water Removal, LLC v. Mt. Hawley Ins. Co.*, No. 8:16-cv-1163-T-17MAP, 2016 WL 9526569, at *2 (M.D. Fla. July 29, 2016) (citing *Fla. Ins. Guar. Ass'n, Inc. v. Castilla*, 18 So. 3d 703, 704 (Fla. 4th DCA 2009); *Preferred Mut. Ins. Co. v. Martinez*, 643 So. 2d 1101, 1102 (Fla. 3d DCA 1994)). A party waives the right to appraisal, however, if it extensively litigates the amount of loss or otherwise acts inconsistently with its appraisal rights. *See Bullard Bldg. Condo. Ass'n, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 806CV-1194T-27MSS, 2006 WL 2787850, at *1 (M.D. Fla. Sept. 26, 2006) (citing *Shoma Dev. Corp. v. Rodriguez*, 730 So.2d 838 (Fla. 3d DCA 1999); *Gray Mart, Inc. v. Fireman's Fund Ins. Co.*, 703 So.2d 1170, 1172 (Fla. 3d DCA 1997)).

In this case, the undersigned recommends that appraisal is appropriate. First, appraisal is appropriate because the parties dispute the amount of the loss. Here, Plaintiff submitted a claim, Defendant estimated the damage at $551,732.72 and made a payment of $51,817.37. Plaintiff's contractor's estimate totals $5,421,912.94. Defendant acknowledged coverage under the policy for Hurricane Irma-related damage and denied that there was an agreement as to the extent and value of such damage and amount needed to repair the damage. *See* (Doc. 8 ¶ 8). Accordingly, the parties dispute the amount of the loss.

Further, Plaintiff has not acted inconsistently with its right to appraisal. Plaintiff invoked its right to appraisal within two months after the case was removed to federal court and before propounding any discovery or engaging in motion practice. *See Marram Corp. v. Scottsdale Ins. Co.*, No. 2:18-cv-204-FtM-38MRM, 2018 WL 4346809, at *4 (M.D. Fla. Aug. 21, 2018), *report and recommendation adopted*, 2018 WL 4333618 (M.D. Fla. Sept. 11, 2018).

The undersigned rejects Defendant's argument that Plaintiff's motion is improper because it "amounts to an insufficient motion for summary judgment." (Doc. 31 p. 5). As Plaintiff notes, courts in the Middle District of Florida have compelled appraisals in numerous similar cases. *See* (Doc. 28 p. 6) (collecting cases).

Likewise, the undersigned rejects Defendant's argument that appraisal cannot occur because Defendant requested contractual mediation. First, Defendant requested mediation after Plaintiff's requested appraisal. Second, despite claiming that "given the language of the policy" mediation must occur before appraisal, Defendant cites to no language in the policy explaining the timing of mediation and appraisal.

Defendant requests that if the case is sent for appraisal then the appraisal should be broken down by line-item. Plaintiff argues that the policy does not require a line item award and the court should not re-write the policy to include such a requirement. The Court agrees with Plaintiff. Requiring a line-item appraisal would likely benefit the Court if a coverage dispute later arose between the parties. *See Baldwin Realty Grp. Inc. v. Scottsdale Ins. Co.*, No. 6:18-cv-785-Orl-41DCI, 2018 WL 4381206, at *6 (M.D. Fla. Sept. 6, 2018); *McPhillips*, 2018 WL 3805865, at *3. Because it is a tenet of contract law that the Court should not impute meaning absent from the parties' contract, however, the Court recommends enforcing the appraisal provision as it is written rather than fashioning requirements to which the parties did not agree. *See Intervest Constr. of Jax, Inc.*, 133 So.3d at 497 ("Courts may not rewrite contracts, add meaning that is not present, or otherwise reach results contrary to the intentions of the parties." (internal quotation marks omitted)).

**IT IS RESPECTFULLY RECOMMENDED THAT:**

1) Plaintiff's Motion to Compel Appraisal and Stay Proceedings (Doc. 28) be **GRANTED**;

2) This action be **STAYED** pending completion of the appraisal process,

3) The parties be directed to expeditiously conduct an appraisal as prescribed by the appraisal provision of the policy;

4) The parties be directed to file joint status reports every ninety (90) days advising the Court as to the status of the appraisal; and

5) The parties be directed to notify the Court upon completion of the appraisal process.

Recommended in Chambers in Fort Myers, Florida on July 3, 2019.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a de novo determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule M.D. Fla. 6.02.

Copies furnished to:

Counsel of Record
Unrepresented Parties