UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WATERFORD CONDOMINIUM
ASSOCIATION OF COLLIER COUNTY,
INC.,

     Plaintiff,

v.                                       Case No.: 2:19-cv-81-FtM-38NPM

EMPIRE INDEMNITY INSURANCE
COMPANY,

     Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is United States Magistrate Judge Douglas Frazier's Report and Recommendation (R&R), recommending that the Court grant Waterford Condominium Association of Collier County, Inc.'s Motion to Compel Appraisal and Stay Proceedings. (Doc. 39). Defendant Empire Indemnity Insurance Company filed Objections (Doc. 41) and requested oral argument (Doc. 42), and Waterford responded to both (Doc. 43; Doc. 44). After independently examining the file and on consideration of Judge Frazier's findings and recommendations, the Court will accept and adopt the R&R for the reasons stated.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

**BACKGROUND**

In 2017, Hurricane Irma damaged Waterford's property in Naples, Florida. Empire insured the property at the time. When Waterford reported the damage, Empire's adjustor inspected the property and found the anticipated repair cost to be $551,732.72. After subtracting depreciation and deductibles, Empire paid Waterford $51,817.37. Waterford then submitted a repair estimate of $2,144,858.31. Empire continued its investigation and commissioned a second estimate of $595,098.00. Waterford sued in state court a few months later.

After Empire removed the case to this Court, Waterford moved to stay the case and compel appraisal under the insurance policy. Judge Frazier found appraisal appropriate because the parties dispute the amount of the loss and Waterford has not acted inconsistently with its right to appraisal. (Doc. 39). Judge Frazier rejected Empires' arguments that the Court should apply a summary judgment standard to Waterford's motion and that appraisal cannot occur because Empire requested mediation. Judge Frazier also declined to recommend a line-item appraisal because the parties did not agree to one in the policy. Empire now objects to the R&R and requests oral argument.

**LEGAL STANDARD**

A district judge "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ. of Ga.,* 896 F.2d 507, 512

(11th Cir.1990) (quoting H.R. 1609, 94th Cong., § 2 (1976)). And "[t]he district judge reviews legal conclusions *de novo,* even in the absence of an objection." See *Cooper-Houston v. Southern Ry. Co.,* 37 F.3d 603, 604 (11th Cir.1994).

## DISCUSSION

Empire raises seven objections to the R&R: (1) a motion to compel appraisal must be supported by summary judgment evidence; (2) Waterford's claim is not ripe for appraisal; (3) if the claim is ripe, appraisal should be limited to the amount demanded pre-suit; (4) Waterford waived its right to appraisal; (5) mediation must occur before appraisal; (6) Empire is entitled to a line-item appraisal; and (7) there is no reason to stay discovery.

**1. Summary-Judgment Evidence**

Empire first argues that a motion to compel appraisal is equivalent to a motion for summary judgment and must be supported by summary-judgment evidence. Empire tried this argument two months ago in a case before Judge Steele, who explained the difference between summary judgment and appraisal: an "appraiser determine[s] the amount of loss[,]" while "the purpose of summary judgment is to dispose of the merits of claims and defenses that are factually unsupported." *CMR Constr. & Roofing, LLC v. Empire Indem. Ins. Co.*, No. 2:18-CV-779-FTM, 2019 WL 2281678, at *3 (M.D. Fla. May 29, 2019). The case Empire cites in its objection, *Indian Harbor Ins. Co. v. Int'l Studio Apartments, Inc.*, No. 09-CIV-60671, 2009 WL 10668574 (S.D. Fla. Sept. 22, 2009), accords with Judge Steele's analysis. One of the counts in *Indian Harbor* was a demand for appraisal, so the court treated a motion to compel appraisal as a request for summary judgment on that claim. *Indian Harbor*, 2009 WL 10668574, at *3. Because appraisal will not dispose of any claims or defenses, the Court will not treat Waterford's motion to

compel appraisal as one for summary judgment. See *CMR Constr. & Roofing, LLC*, 2019 WL 2281678, at *3 ("Unlike a summary judgment motion, a determination of whether appraisal is appropriate does not determine whether there is a genuine disputed material fact or whether the moving party is entitled to judgment.").

   **2. Ripeness**

Empire's next argument is based on a provision in the policy that allows Waterford to elect between two measures of damages: replacement cost or actual cash value. Empire asserts that Waterford cannot compel appraisal because repairs have not been performed, making a replacement-cost claim unripe, and because Waterford has not made an actual-cash-value claim, there is no dispute as to that amount. But these arguments have nothing to do with the appraisal provision, which allows either party to compel appraisal if they "disagree on the value of the property or the amount of loss." (Doc. 3 at 43). In its Answer, Empire specifically "[d]enied that there was an agreement as to the extent and value of…damage and amounts needed to repair the damage." (Doc. 8 at 2). Waterford is thus entitled to invoke the appraisal clause. Failure to claim actual-cash-value or replacement-cost damages "may be defenses to the amount of damages that [the insured] may obtain, but [they] are not bases for denying appraisal." *CMR Constr. & Roofing*, 2019 WL 2281678, at *4.

Empire also argues that appraisal is not ripe because it has not investigated Waterford's most recent estimate of $5 million. (Doc. 41 at 9-11). For this point, Empire relies on *Galindo v. ARI Mut. Ins. Co.*, 203 F.3d 771, 777 (11th Cir. 2000), in which the insureds sought to compel appraisal on supplemental claims made five years after they settled their initial claims without allowing their insurers to first investigate the new

4

supplemental claims. *Galindo,* 203 F.3d at 773-4. The Eleventh Circuit held that the "insureds must comply with the post-loss terms of their respective homeowner's policies, which enables the insurance companies to investigate the insureds' claims and to disagree with the loss amount before the appraisal term becomes effective." *Id.* at 776.

*Galindo* does not control here. Waterford's $5 million estimate is not a new claim. Rather, it is an updated estimate of Waterford's original 2017 claim, the increase reflecting "a strong economy, busy construction industry, and back-to-back hurricanes in 2017 and 2018." (Doc. 43 at 7 n.10). Empire investigated the claim thoroughly enough to prepare two estimates before Waterford sued, both under $600,000. The parties clearly disagree on the amount of the covered loss. Under the circumstances, Waterford need not wait for Empire to investigate the claim again before compelling appraisal.

### 3. Limiting Appraisal to Pre-suit Demand

In the alternative, Empire argues that this Court should limit appraisal to Waterford's original $2 million estimate. (Doc. 41 at 11-12). But "it is for the appraisers to arrive at the amount to be paid"—not the Court. *Johnson v. Nationwide Mut. Ins. Co.,* 828 So. 2d 1021, 1025 (Fla. 2002) (citations omitted). The appraisers are in the best position to determine the amount of loss, and the Court will not tie their hands by putting an upper limit on their estimates.

### 4. Waiver

A party can waive its right to appraisal by actively participating in a lawsuit or engaging in conduct inconsistent with the right to appraisal. *CMR Constr. & Roofing,* 2019 WL 2281678, at *4 (citations omitted). Whether appraisal must be sought before filing suit depends on the language of the insurance policy. *Id.* Empire argues that

Waterford waived its right to appraisal by filing a complaint that requested a jury trial and did not mention appraisal. But the policy does not say that filing a complaint cuts off appraisal rights, and the Court has consistently allowed insured parties to seek appraisal after demanding a jury trial. *See, e.g., Coral Reef Metro, LLC v. Scottsdale Ins. Co.*, No. 2:18-cv-460-FtM-38CM, 2019 WL 721286, at *2 (M.D. Fla. Jan. 30, 2019), *report and recommendation adopted,* No. 2:18-cv-460-FtM-38UAM, 2019 WL 700114 (M.D. Fla. Feb. 20, 2019). Filing a complaint is not necessarily inconsistent with the right to appraisal because when that right is invoked, courts and appraisers perform different functions—courts decide coverage questions, and appraisers determine the amount of loss. *See Johnson*, 828 So. 2d at 1025. The Court thus agrees with Judge Frazier: because Waterford "invoked its right to appraisal within two months after the case was removed to federal court and before propounding any discovery or engaging in motion practice," it did not waive its right to appraisal.

### 5. Mediation

Empire also objects to appraisal because, "given the order and language of the policy, [mediation] must occur first." (Doc. 41 at 13). But Empire does not point to any language in the policy that supports this bald assertion, and the Court will not rewrite the policy on Empire's whim. *See Intervest Const. of Jax, Inc. v. Gen. Fid. Ins. Co.*, 133 So. 3d 494, 497 (Fla. 2014) ("Courts may not rewrite contracts, add meaning that is not present, or otherwise reach results contrary to the intentions of the parties." (internal quotation marks omitted)). This objection lacks merit.

### 6. Line-Item Appraisal

Empire objects to Judge Frazier's finding that the Court should not require the parties to break down their appraisals by line item. As with its mediation argument, Empire fails to identify any policy language that supports its position. Instead, it stretches the meaning of a sentence in the appraisal provision: "The appraisers will state separately the value of the property and the amount of loss." (Doc. 41 at 13). This policy language does not require a line-item appraisal. ABC Univ. Shops, LLC v. Scottsdale Ins. Co., 18-CV-60562, 2018 WL 6267943, at *2 (S.D. Fla. Nov. 30, 2018). And while the Court agrees with Empire and Judge Frazier that a line-item breakdown might help decide coverage disputes, it will not rewrite the policy to require one.

### 7. Staying the Proceedings

Finally, Empire objects to a stay and instead proposes to continue litigating alongside appraisal. Waterford counters that a stay would preserve judicial resources because appraisal might resolve the parties' dispute. The Court agrees.

The Court thus rejects all of Empire's objections. After independently examining the file and on consideration of Judge Frazier's findings and recommendations, the Court accepts and adopts the R&R.

Accordingly, it is now

**ORDERED:**

United States Magistrate Judge Douglas N. Frazier's Report and Recommendation (Doc. 39) is **ACCEPTED AND ADOPTED**.

(1) Plaintiff Waterford Condominium Association of Collier County, Inc.'s Motion to Compel Appraisal and Stay Proceedings (Doc. 28) is **GRANTED**.

(2) Defendant Empire Indemnity Insurance Company's Request for Oral Argument (Doc. 42) is **DENIED as moot**.

(3) The parties are **ORDERED** to expeditiously conduct an appraisal as prescribed by the appraisal provisions of the insurance policy, to file joint status reports every ninety (90) days to advise the Court of the status of the appraisal, and to notify the Court upon completion of the appraisal process.

(4) The Clerk is **DIRECTED** to place a stay flag on this case pending completion of the appraisal process.

**DONE** and **ORDERED** in Fort Myers, Florida this 16th day of August, 2019.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record