UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WATERFORD CONDOMINIUM
ASSOCIATION OF COLLIER COUNTY,
INC.,

    Plaintiff,

v.                                                     Case No.:  2:19-cv-81-FtM-38NPM

EMPIRE INDEMNITY INSURANCE
COMPANY,

    Defendant.
                                          /

## OPINION AND ORDER[1]

Before the Court is Empire Indemnity Insurance Company's Motion for Reconsideration of Order Granting Motion to Compel Appraisal and Stay Litigation Based on Newly Discovered Evidence (Doc. 47) and Plaintiff Waterford Condominium Association of Collier County, Inc.'s response (Doc. 49).

In 2017, Hurricane Irma damaged Waterford's property in Naples, Florida. Empire insured the property at the time. When Waterford reported the damage, Empire's adjustor inspected the property and found the anticipated repair cost to be $551,732.72. After subtracting depreciation and deductibles, Empire paid Waterford $51,817.37. Waterford

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

then submitted a repair estimate of $2,144,858.31. Empire continued its investigation and commissioned a second estimate of $595,098.00. Waterford sued in state court a few months later. After removing the case to this Court, Empire admitted the damage was covered by the policy and acknowledged a dispute over the extent and value of the damages. Waterford then moved to stay the case and compel appraisal under the insurance policy. The Court granted Waterford's motion over the objections of Empire. Empire asks the Court to reconsider because it has discovered what it calls evidence of fraud.

Courts may reconsider non-final orders at any time before entry of judgment, but "reconsideration is an extraordinary remedy that should be granted sparingly." *Asokan v. Am. Gen. Life Ins. Co.*, 302 F. Supp. 3d 1303, 1310 (M.D. Fla. 2017). A party requesting reversal of a court's prior decision must make a convincing case, generally by showing "(1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or prevent manifest injustice." *Id.*

The policy Empire issued to Waterford allows either party to demand appraisal if they "disagree on the value of the property or the amount of loss." (Doc. 1-4 at 43). Despite Empire's attempts to reframe the issue, the pleadings leave no doubt that the parties disagree on the amount of Waterford's covered loss. Empire now argues that appraisal should nevertheless be denied or stayed while Empire considers whether to assert a fraud defense, deny the claim, and seek to void the policy. But the mere possibility that Empire might raise a fraud defense does not undermine the Court's rationale for enforcing the policy's appraisal provision. Even if Empire decides to reverse course and deny the claim, appraisal is still appropriate to determine the amount of loss

because a fraud defense would address the separate issue of coverage. In fact, the policy anticipates this situation: "If there is an appraisal, we still retain our right to deny the claim." ([Doc. 1-4 at 43](Doc. 1-4 at 43)). Empire's consideration of a fraud defense is no reason to stop or stay appraisal.

Empire also argues that Florida law requires trial courts to resolve coverage disputes before ordering appraisal. Waterford counters that Empire's legal authority is on the minority side of a split among Florida's district courts of appeal, and that the majority view gives courts discretion over the relative timing of appraisal and coverage determinations. Waterford appears correct. *Compare [Citizens Prop. Ins. Corp v. Admiralty House, Inc.](), [66 So. 3d 342, 344 (Dist. Ct. App. Fla. 2011)]()* and *[Citizens Prop. Ins. Corp. v. Galeria Villas Condo. Assoc., Inc.](), [48 So. 3d 188, 191-92 (Dist. Ct. App. Fla. 2010)]()* (stating the view of Florida's Second and Third Districts that courts have discretion) *with [Sunshine State Ins. v. Corridori](), [28 So. 3d 129, 131 (Dist. Ct. App. Fla. 2010)]()* (stating the view of Florida's Fourth District that coverage issues must be decided before appraisal). At any rate, a dispute over coverage is hypothetical at this point. Empire admitted that Waterford's losses were covered by the policy ([Doc. 8 at 2]()), and although Empire might request leave to amend its answer, it has not done so yet.

Accordingly, it is now

**ORDERED:**

Empire Indemnity Insurance Company's Motion for Reconsideration of Order Granting Motion to Compel Appraisal and Stay Litigation Based on Newly Discovered Evidence ([Doc. 47]()) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 2nd day of October, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record